IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BABY JOGGER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-723 (GBW) |
| | ) | |
| EVENFLO COMPANY, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO COMPLAINT

Defendant Evenflo Company, Inc. ("Evenflo") hereby answers the Complaint of

Plaintiff Baby Jogger, LLC ("Baby Jogger") as follows:

## OVERVIEW

1.      Baby Jogger has been a leading designer and innovator of baby strollers since at least 1984, when it invented the first jogging stroller. Baby Jogger's commitment to providing innovative baby stroller solutions continued when it invented and introduced the first true convertible single-to-double stroller. Despite this innovation being protected by several Baby Jogger patents, aggressive competitors such as EvenFlo copied Baby Jogger's invention and saturated the market with infringing products, stealing valuable market share that rightfully belongs to Baby Jogger.

**ANSWER:**    Evenflo denies the allegations of paragraph 1 of the Complaint.

## NATURE OF THE ACTION

2.      This is an action for infringement of United States Patent No. 11,192,568 ("the '568 Patent"), United States Patent No. 11,505,231 ("the '231 Patent"), United States Patent No. 11,577,771 ("the '771 Patent"), United States Patent No. 11,731,682 ("the '682 Patent"), and United States Patent No. 11,878,729 ("the '729 Patent") (collectively, "the Asserted Patents"), which arises under the Patent Laws of the United States, Title 35, United States Code, §§ 100 *et seq*., including 35 U.S.C. §§ 271 and 281.

**ANSWER:**    Evenflo admits that the Complaint alleges claims for infringement but denies any

such infringement has occurred.

3.      As set forth in detail below, this action for patent infringement arises as a result of EvenFlo's unauthorized and unlicensed practice of claims of the Asserted Patents through at least the making, using, offering for sale, and/or selling within the United States, as well as importing into the United States, at least its EvenFlo Pivot Xpand Travel System, as well as its Pivot Xpand Second Toddler Seats[1] (collectively the "Infringing Products").

**ANSWER:**    Evenflo denies the allegations of paragraph 3 of the Complaint. To the extent that footnote 1 contains any factual allegations, Evenflo denies those allegations.

## PARTIES

4.      Baby Jogger is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with a principal place of business at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies them.

5.      On information and belief, EvenFlo is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 3131 Newmark Drive, Miamisburg, Ohio 45342.

**ANSWER:**    Evenflo admits it is a Delaware corporation. Evenflo denies its principal place of business is 3131 Newmark Drive, Miamisburg, Ohio 45342.

6.      On information and belief, EvenFlo is a wholly owned subsidiary of Goodbaby International Holdings Limited.

**ANSWER:**    Evenflo admits it is an indirect subsidiary of Goodbaby International Holdings Limited.

## JURISDICTION AND VENUE

7.    This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because the Complaint concerns a federal question arising under the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 271 and 281.

**ANSWER:**    Evenflo admits the Complaint alleges claims for infringement arising under the patent laws of the United States and that this Court has original and exclusive subject matter jurisdiction over the Complaint. Evenflo denies that any such infringement has occurred.

8.    This Court has personal jurisdiction over EvenFlo because it is a corporation organized and existing under the laws of the State of Delaware and this judicial district.

**ANSWER:**    Evenflo admits it is subject to the personal jurisdiction in this District.

9.    This Court has personal jurisdiction over EvenFlo because it conducts business in Delaware and has committed acts of patent infringement in Delaware through the manufacture, use, offering for sale, and/or sale of Infringing Products in Delaware.

**ANSWER:**    Evenflo admits it is subject to the personal jurisdiction in this District.

10.    Venue is proper in this judicial district under 28 U.SC. §§ 1391(b)-(c) and 1400(b) because EvenFlo resides in this judicial district.

**ANSWER:**    Evenflo admits that venue is proper and that Evenflo resides in this Judicial District.

## BACKGROUND

### The Patents-In-Suit

#### A.    *U.S. Patent No. 11,192,568*

11.    The '568 Patent, titled "Removable Seat Attachment For A Stroller," was issued by the USPTO on December 7, 2021. A true and correct copy of the '568 Patent is attached to this Complaint as **Exhibit A**.

**ANSWER:**    Evenflo admits that Exhibit A purports to be a non-certified copy of U.S. Patent No. 11,192,568.

12.    The application that resulted in the issuance of the '568 Patent, U.S. Patent Application No. 16/832,429, was filed on March 27, 2020, and claims priority to U.S. Provisional Application No. 61/119,920, filed on December 4, 2008 and U.S. Provisional Application No. 62/311,224 filed on March 21, 2016.

**ANSWER:**    Evenflo admits that Exhibit A states that U.S. Patent No. 11,192,568 was filed as

Application No. 16/832,429, which was filed on March 27, 2020. Evenflo admits that U.S.

Provisional Application No. 61/119,920 purports to have been filed on December 4, 2008, and

U.S. Provisional Application No. 62/311,224 purports to have been filed on March 21, 2016.

Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 12 of the Complaint and therefore denies them.

13.    The '568 Patent is assigned to Baby Jogger.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 13 of the Complaint and therefore denies them.

14.    Baby Jogger, as assignee, owns the entire right, title, and interest in the '568 Patent.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 14 of the Complaint and therefore denies them.

15.     The '568 Patent is generally directed to a stroller having seat attachment adapters for a second seat that is removably coupled to the stroller at a vertical position lower than and in front of the first seat. Exemplary embodiments of the claimed invention are illustrated in at least figures 9A-9D of the '568 Patent, shown below:



**ANSWER:**    Evenflo admits U.S. Patent No. 11,192,568 discloses and is directed to its contents

and denies the allegations in paragraph 15 of the Complaint to the extent they allege something

further.


16.     As an example, claim 1 of the '568 Patent recites the following:

A stroller, comprising:
 a stroller frame comprising:
 a first upper tube support frame;
 a second upper tube support frame;
 a first front wheel support frame rotatably adjusted to be substantially parallel with respect to the first upper tube support frame when the stroller frame is unfolded from a folded configuration;
 a second front wheel support frame rotatably adjusted to be substantially parallel with respect to the second upper tube support frame when the stroller frame is unfolded from a folded configuration;
 a first back wheel support frame rotated with respect to the first upper tube support frame; and
 a second back wheel support frame rotated with respect to the second upper tube support frame;
 a plurality of wheels comprising at least one front wheel and a plurality of back wheels;

a first seat coupled along the first upper tube support frame and the second upper tube support frame at a first vertical position of the stroller frame;

a first seat attachment adapter coupled to the first front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position;

a second seat attachment adapter coupled to the second front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position;

wherein a second seat is removably coupled to the first seat attachment adapter and the second seat attachment adapter to position the second seat at a fourth vertical position that is below the first vertical position and wherein the second vertical position and the third vertical position are at a same vertical height.

**ANSWER:**    Evenflo admits U.S. Patent No. 11,192,568 contains a claim 1 as set forth therein.

**B.    _U.S. Patent No. 11,505,231_**

17.    The '231 Patent, titled "Removable Seat Attachment For A Stroller," was issued by the USPTO on November 22, 2022. A true and correct copy of the '231 Patent is attached to this Complaint as **Exhibit B**.

**ANSWER:**    Evenflo admits that Exhibit B purports to be a non-certified copy of U.S. Patent No. 11,505,231.

18.    The application that resulted in the issuance of the '231 Patent, U.S. Patent Application No. 17/877,323, was filed on July 29, 2022, and claims priority to U.S. Provisional Application No. 61/119,920, filed on December 4, 2008 and U.S. Provisional Application No. 62/311,224 filed on March 21, 2016.

**ANSWER:**    Evenflo admits that Exhibit B states that U.S. Patent No. 11,505,231 was filed as Application No. 17/877,323, which was filed on July 29, 2022. Evenflo admits that U.S. Provisional Application No. 61/119,920 purports to have been filed on December 4, 2008, and U.S. Provisional Application No. 62/311,224 purports to have been filed on March 21, 2016. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and therefore denies them.

19.    The '231 Patent is assigned to Baby Jogger.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 19 of the Complaint and therefore denies them.

20.    Baby Jogger, as assignee, owns the entire right, title, and interest in the '231

Patent.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 20 of the Complaint and therefore denies them.

21.    The '231 Patent is generally directed to a stroller system having front seat
attachments to support a front stroller seat that is substantially over the front wheels and lower
than the rear stroller seat.

**ANSWER:**    Evenflo admits U.S. Patent No. 11,505,231 discloses and is directed to its contents.

22.    As an example, claim 1 of the '231 Patent recites the following:

A stroller system for supporting a front stroller seat and a rear stroller seat, the system
comprising:
  a pair of rear wheels;
  a pair of front wheels;
  a frame including a handle portion, a rear wheel support portion, a front wheel
support portion and a folding mechanism connecting the front wheel support portion and
the handle portion in both an unfolded configuration and in a folded configuration, wherein
the folding mechanism connects the rear wheel support portion to the front wheel support
portion and the handle portion, wherein the frame includes a stroller seat support portion
positioned at a first vertical position adjacent the handle portion, and wherein the front
wheel support portion and the handle portion are substantially parallel when the frame is
in the unfolded configuration; and
  a front seat attachment configured for attachment to the front wheel support portion
at a second vertical position substantially lower than the first vertical position,
  wherein the front seat attachment is configured to releasably connect to and support
the front stroller seat in either a forward-facing configuration or a backward-facing
configuration,
  wherein the front seat attachment is configured to support the front stroller seat
substantially over the front wheels so that a center of gravity of the stroller system is
between the front wheels and the rear wheels;
  wherein the rear wheel support portion extends diagonally from the front wheel
support portion when the frame is in the unfolded configuration, and the rear wheel support

portion is disposed adjacent to both the front wheel support portion and the handle portion when the frame is in the folded configuration; and

wherein the stroller seat support portion positioned at the first vertical position and the front seat attachment at the second vertical position create an inline descending configuration of the rear stroller seat and the front stroller seat.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,505,231 contains a claim 1 as set forth therein.

**C.**    ***U.S. Patent No. 11,577,771***

23.    The '771 Patent, titled "Removable Seat Attachment For A Stroller," was issued by the USPTO on February 14, 2023. A true and correct copy of the '771 Patent is attached to this Complaint as **Exhibit C**.

**ANSWER:**    Evenflo admits that Exhibit C purports to be a non-certified copy of U.S. Patent No. 11,577,771.

24.    The application that resulted in the issuance of the '771 Patent, U.S. Patent Application No. 17/876,492, was filed on July 28, 2022, and claims priority to U.S. Provisional Application No. 61/119,920, filed on December 4, 2008 and U.S. Provisional Application No.62/311,224 filed on March 21, 2016.

**ANSWER:**    Evenflo admits that Exhibit C states that U.S. Patent No. 11,577,771 was filed as Application No. 17/876,492, which was filed on July 28, 2022. Evenflo admits that U.S. Provisional Application No. 61/119,920 purports to have been filed on December 4, 2008 and U.S. Provisional Application No. 62/311,224 purports to have been filed on March 21, 2016. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and therefore denies them.

25.    The '771 Patent is assigned to Baby Jogger.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies them.

26.     Baby Jogger, as assignee, owns the entire right, title, and interest in the '771 Patent.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies them.

27.     The '771 Patent is generally directed to a stroller having a first seat that is releasably connected to the frame in a forward or backward facing position and seat attachments for connecting a second seat to the frame in a forward or backward facing position that is lower than and in front of the first seat.

**ANSWER:**    Evenflo admits U.S. Patent No. 11,577,771 discloses and is directed to its contents.

28.     As an example, claim 1 of the '771 Patent recites the following:

A stroller convertible from a single seat configuration to a double seat configuration without increasing its footprint, comprising:
two rear wheels;
only two front wheels;
a frame supported by the front and rear wheels and comprising a handle portion and left and right foldable support members extending from the handle portion towards a front end portion of the frame, the foldable support members extending in a parallel, spaced relationship and substantially within a plane that runs diagonally from the handle portion towards the front end portion of the frame;
a first seat releasably connected to the frame at a first vertical position that is closer to the handle portion than the front end portion, the first seat being connectable to the frame in either a forward or backward facing position to form the single seat configuration; and
wherein the frame receives an optional second seat assembly to form the double seat configuration, the second seat assembly comprising:
right and left seat attachments disposed along the right and left support members of the frame, respectively, at a second vertical position that is lower than the first vertical position, and wherein the second vertical position is closer to the front end portion than the handle portion; and
a second seat connectable to the right and left seat attachments in either a forward or backward facing position;
wherein the first seat and the second seat, when connected to the frame, are arranged in an inline descending configuration substantially along the plane of the frame.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,577,771 contains a claim 1 as set forth therein.

**D.**     _**U.S. Patent No. 11,731,682**_

29.     The '682 Patent, titled "Removable Seat Attachment For A Stroller," was issued by the USPTO on August 22, 2023. A true and correct copy of the '682 Patent is attached to this Complaint as **Exhibit D**.

**ANSWER:**     **E**venflo admits that Exhibit D purports to be a non-certified copy of U.S. Patent No. 11,731,682.

30.     The application that resulted in the issuance of the '682 Patent, U.S. Patent Application No. 16/903,292, was filed on June 16, 2020, and claims priority to U.S. Provisional Application No. 61/119,920, filed on December 4, 2008 and U.S. Provisional Application No. 62/311,224 filed on March 21, 2016.

**ANSWER:**     Evenflo admits that Exhibit D states that U.S. Patent No. 11,731,682 was filed as Application No. 16/903,292, which was filed on June 16, 2020. Evenflo admits that U.S. Provisional Application No. 61/119,920 purports to have been filed on December 4, 2008 and U.S. Provisional Application No. 62/311,224 purports to have been filed on March 21, 2016. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and therefore denies them.

31.     The '682 Patent is assigned to Baby Jogger.

**ANSWER:**     Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies them.

32.     Baby Jogger, as assignee, owns the entire right, title, and interest in the '682 Patent.

**ANSWER:**     Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies them.

33.    The '682 Patent is generally directed to a stroller having a first seat coupled to frame closer to the handle portion and second seat attachment housings and adapters for connecting a second seat closer to the front end of the stroller.

**ANSWER:**    Evenflo admits U.S. Patent No. 11,731,682 discloses and is directed to its contents.

34.    As an example, claim 1 of the '682 Patent recites the following:

A stroller, comprising:
    a stroller frame comprising a handle portion and a front end portion;
    a plurality of wheels comprising a plurality of back wheels;
    a first seat coupled to the stroller frame at a first vertical position of the stroller frame, wherein the first seat is disposed closer to the handle portion than the front end portion of the stroller frame;
    a first seat attachment housing coupled to the stroller frame at a second vertical position of the stroller frame that is below the first vertical position, wherein a first front wheel and a second front wheel extend from the front end of the stroller;
    a second seat attachment housing coupled to the stroller frame at a third vertical position of the stroller frame that is below the first vertical position, wherein the third vertical position is closer to the front end portion than the handle portion;
    a first seat attachment adapter spaced from and coupled to the first seat attachment housing by a first attachment frame member; and
    a second seat attachment adapter spaced from and coupled to the second seat attachment housing by a second attachment frame member;
    wherein the first seat and the second seat, when connected to the frame, are arranged in an inline descending configuration along the stroller frame.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,731,682 contains a claim 1 as set forth therein.

**E.    _U.S. Patent No. 11,878,729_**

35.    The '729 Patent, titled Removable Seat Attachment For A Stroller," was issued by the USPTO on January 23, 2024. A true and correct copy of the '729 Patent is attached to this Complaint as **Exhibit E**.

**ANSWER:**    Evenflo admits that Exhibit E purports to be a non-certified copy of U.S. Patent No. 11,878,729.

36.    The application that resulted in the issuance of the '729 Patent, U.S. Patent Application No. 18/051,053, was filed on October 31, 2022, and claims priority to U.S. Provisional Application No. 61/119,920, filed on December 4, 2008 and U.S. Provisional Application No. 62/311,224 filed on March 21, 2016.

**ANSWER:**    Evenflo admits that Exhibit E states that U.S. Patent No. 11,878,729 was filed as Application No. 18/051,053, which was filed on October 31, 2022. Evenflo admits that U.S. Provisional Application No. 61/119,920 purports to have been filed on December 4, 2008, and U.S. Provisional Application No. 62/311,224 purports to have been filed on March 21, 2016. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint and therefore denies them.

37.    The '729 Patent is assigned to Baby Jogger.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies them.

38.    Baby Jogger, as assignee, owns the entire right, title, and interest in the '729 Patent.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies them.

39.    The '729 Patent is generally directed to a stroller system having a front seat attachment to support a front stroller seat that is substantially over the front wheels and lower than the rear stroller seat.

**ANSWER:**    Evenflo admits U.S. Patent No. 11,878,729 discloses and is directed to its contents.

40.     As an example, claim 1 of the '729 Patent recites the following:

A stroller system for supporting a front stroller seat and a rear stroller seat, the system comprising:

a pair of rear wheels;

a pair of front wheels;

a frame including a handle portion, a rear wheel support portion, a front wheel support portion, and a folding mechanism connecting the front wheel support portion and the handle portion in both an unfolded configuration and in a folded configuration,

wherein the frame includes a stroller seat support portion positioned at a first vertical position adjacent the handle portion, and wherein the front wheel support portion and the handle portion are parallel when the frame is in the unfolded configuration; and

a front seat attachment configured for attachment to the front wheel support portion at a second vertical position substantially lower than the first vertical position,

wherein the front seat attachment is configured to releasably connect to and support the front stroller seat in either a forward-facing configuration or a backward-facing configuration,

wherein the front seat attachment is configured to support the front stroller seat substantially over the front wheels so that a center of gravity of the stroller system is between the front wheels and the rear wheels;

wherein the rear wheel support portion extends diagonally relative to the front wheel support portion when the frame is in the unfolded configuration, and the rear wheel support portion is disposed adjacent to both the front wheel support portion and the handle portion when the frame is in the folded configuration; and

wherein the stroller seat support portion positioned at the first vertical position and the front seat attachment at the second vertical position create an inline descending configuration of the rear stroller seat and the front stroller seat.

**ANSWER:**     Evenflo admits that U.S. Patent No. 11,878,729 contains a claim 1 as set forth therein.

### **EvenFlo's Infringing Products**

41.     EvenFlo makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States, the Infringing Products, including, but not limited to, the EvenFlo Pivot Xpand Travel System that infringes claims of the Asserted Patents.

 

https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**<u>ANSWER</u>:**    Evenflo admits it uses, sells, offers to sell, and/or imports into the United States the Evenflo Pivot Xpand Travel System. Evenflo denies any remaining allegations of paragraph 41 of the Complaint.

42.    EvenFlo makes, uses, sells, and/or offers for sale in the United States, and/or imports into the United States, the Pivot Xpand Second Toddler Seats. These products, when incorporated with the EvenFlo Pivot Xpand Travel System, infringe claims of the Asserted Patents.



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**<u>ANSWER</u>:**    Evenflo admits it uses, sells, offers to sell, and/or imports into the United States the Evenflo Pivot Xpand Second Toddler Seats. Evenflo denies any remaining allegations of paragraph 42 of the Complaint.

## <u>COUNT ONE</u>

### (Direct Infringement of the '568 Patent under 35 U.S.C. § 271(a))

43. Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**<u>ANSWER</u>:** Evenflo incorporates its responses to paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. EvenFlo has been and is directly infringing at least claims 1 and 7-9 of the '568 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Infringing Products.

**<u>ANSWER</u>:** Evenflo denies the allegations of paragraph 44 of the Complaint.

45. By way of example, the Infringing Products infringe at least claim 1 of the '568 Patent because they contain each and every limitation of this claim.

**<u>ANSWER</u>:** Evenflo denies the allegations of paragraph 45 of the Complaint.

46. Without conceding the preamble is a limitation, the Infringing Products each are "[a] stroller comprising: a stroller frame":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 46 of the Complaint.

47.    The Infringing Products further include a stroller frame comprising "a first upper tube support frame" and "a second upper tube support frame":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat



**ANSWER:**    Evenflo denies the allegations of paragraph 47 of the Complaint.

48.    The Infringing Products also include a stroller frame comprising "a first front wheel support frame rotatably adjusted to be substantially parallel with respect to the first upper tube support frame when the stroller frame is unfolded from a folded configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat



**ANSWER:**    Evenflo denies the allegations of paragraph 48 of the Complaint.

49.    The Infringing Products likewise contain a stroller frame comprising "a second front wheel support frame rotatably adjusted to be substantially parallel with respect to the second upper tube support frame when the stroller frame is unfolded from a folded configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat



**ANSWER:**    Evenflo denies the allegations of paragraph 49 of the Complaint.

50.    The Infringing Products include a stroller frame comprising "a first back wheel support frame rotated with respect to the first upper tube support frame":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat



**ANSWER:**    Evenflo denies the allegations of paragraph 50 of the Complaint.

51.    The Infringing Products include a stroller frame comprising "a second back wheel support frame rotated with respect to the second upper tube support frame":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat



**ANSWER:**    Evenflo denies the allegations of paragraph 51 of the Complaint.

52.     The Infringing Products also include "a plurality of wheels comprising at least one front wheel and a plurality of back wheels":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 52 of the Complaint.

53.   The Infringing Products include "a first seat coupled along the first upper tube support frame and the second upper tube support frame at a first vertical position of the stroller frame":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat



**ANSWER:**    Evenflo denies the allegations of paragraph 53 of the Complaint.

54.    The Infringing Products likewise include "a first seat attachment adapter coupled to the first front wheel support frame at a second vertical position of the stroller frame that is below the first vertical position":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 54 of the Complaint.

55.    The Infringing Products also include "a second seat attachment adapter coupled to the second front wheel support frame at a third vertical position of the stroller frame that is below the first vertical position":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 55 of the Complaint.

56.    Finally, the Infringing Products include "a second seat [that] is removably coupled to the first seat attachment adapter and the second seat attachment adapter to position the second seat at a fourth vertical position that is below the first vertical position and wherein the second vertical position and the third vertical position are at a same vertical height":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

24



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 56 of the Complaint.

57.    EvenFlo does not have a license to practice the technology claimed by the '568 Patent. EvenFlo does not have any other authority to practice the technology claimed by the '568 Patent.

**ANSWER:**    Evenflo admits it does not have a license to U.S. Patent No. 11,192,568. Evenflo denies it practices the technology claimed in U.S. Patent No. 11,192,568 and any remaining allegations of paragraph 57 of the Complaint.

58.    Since at least the filing of this Complaint, EvenFlo's infringement of the '568 Patent has been and continues to be knowing, intentional, and willful.

**ANSWER:**    Evenflo denies the allegations of paragraph 58 of the Complaint.

59.    At least because of EvenFlo's willful infringement of the '568 Patent, this is an exceptional case, and Baby Jogger is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER:**    Evenflo denies the allegations of paragraph 59 of the Complaint.

60.    As a result of EvenFlo's infringement of the '568 Patent, Baby Jogger has suffered, and will continue to suffer, damage including, but not limited to, monetary damages. Baby Jogger is entitled to recover from EvenFlo damages adequate to compensate it for such infringement, which have yet to be determined.

**ANSWER:**    Evenflo denies the allegations of paragraph 60 of the Complaint.

## **COUNT TWO**

### **(Indirect Infringement of the '568 Patent under 35 U.S.C. § 271(b))**

61.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62.    EvenFlo has induced, and continues to induce, infringement of the '568 Patent by actively, knowingly, and intentionally inducing its customers to directly infringe at least claims 1 and 7-9 of the '568 Patent via use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System.

**ANSWER:**    Evenflo denies the allegations of paragraph 62 of the Complaint.

63.    EvenFlo has induced, and continues to induce, its customers to directly infringe the '568 Patent through activities such as marketing the Infringing Products to be used in combination, creating and distributing promotional and product literature, and offering technical support for the Infringing Products, each of which are designed to instruct, encourage, direct, enable, and facilitate the use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '568 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 63 of the Complaint.

64.    For example, EvenFlo markets its Pivot Xpand Travel System as follows: "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds"[2] and "[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes."[3] EvenFlo also provides its customers with manuals that instruct, encourage, direct, enable, and facilitate the use of the Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '568 Patent.

**ANSWER:**    Evenflo admits that materials for its Pivot Xpand Travel System have included the language "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds" and "[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes." Evenflo denies the remaining allegations of paragraph 64.

65.     EvenFlo has had actual knowledge of the '568 Patent, as well as its infringement of the '568 Patent, since at least as early as the filing of this Complaint.

**ANSWER:**    Evenflo admits it had actual knowledge of U.S. Patent No. 11,192,568 upon service of the Complaint. Evenflo denies the remaining allegations of paragraph 65 of the Complaint.

66.     The application that led to the '568 Patent (U.S. Patent Application No. 16/832,429) was published on July 16, 2020, and thus was publicly available as of that date. Further, Baby Jogger has virtually marked its City Select strollers since at least as early as January 2023.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,192,568 indicates that it was previously published as US 2020/0223470 on July 16, 2020. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 of the Complaint and therefore denies them.

67.     Despite such knowledge of the '568 Patent, or being willfully blind to the existence of the '568 Patent, EvenFlo has provided, and continues to provide, the Pivot Xpand Second Toddler Seats to its customers and, on information and belief, encourages and aids its customers to use these products in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '568 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 67 of the Complaint.

68.     EvenFlo's customers do incorporate the Pivot Xpand Second Toddler Seats with EvenFlo Pivot Xpand Travel System in a manner that infringes the '568 Patent and continues to do so.

**ANSWER:**    Evenflo denies the allegations of paragraph 68 of the Complaint.

69.     On information and belief, EvenFlo has knowingly and intentionally encouraged and aided its customers to directly infringe the '568 Patent and continues to do so.

**ANSWER:**    Evenflo denies the allegations of paragraph 69 of the Complaint.

70.     On information and belief, EvenFlo specifically intended and intends that its actions will induce infringement of the '568 Patent, or subjectively believes that its actions will result in infringement of the '568 Patent. As a direct and proximate result of EvenFlo's inducement of infringement of '568 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**    Evenflo denies the allegations of paragraph 70 of the Complaint.

## COUNT THREE

### (Indirect Infringement of the '568 Patent under 35 U.S.C. § 271(c))

71.     Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.     EvenFlo has contributed, and continues to contribute, to the infringement of the '568 Patent by third parties, including at least its customers, by selling and/or offering to sell in the United States, or importing into the United States, the Pivot Xpand Second Toddler Seats, which are material components of the invention claimed in the '568 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

**ANSWER:**    Evenflo denies the allegations of paragraph 72 of the Complaint.

73.     EvenFlo has had actual knowledge of the '568 Patent, as well as its infringement of the '568 Patent, since at least as early as the filing of this Complaint.

**ANSWER:**    Evenflo admits it had actual knowledge of U.S. Patent No. 11,192,568 upon service of the Complaint. Evenflo denies the remaining allegations of paragraph 73 of the Complaint.

74.     The application that led to the '568 Patent (U.S. Patent Application No. 16/832,429) was published on July 16, 2020, and thus was publicly available as of that date. Further, Baby Jogger has virtually marked its City Select strollers since at least as early as January 2023.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,192,568 indicates that it was previously published as US 2020/0223470 on July 16, 2020. Evenflo lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 of the Complaint and therefore denies them.

75.     Despite such knowledge of the '568 Patent, or being willfully blind to the existence of the '568 Patent, EvenFlo sells and/or offers for sale in the United States, and imports into the United States, the Pivot Xpand Second Toddler Seats knowing that these components are especially made or adapted for use in the infringement of the '568 Patent. There is no other use for these components other than to be incorporated with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '568 Patent.

**ANSWER:**   Evenflo denies the allegations of paragraph 75 of the Complaint.

76.     EvenFlo's customers who purchase the Pivot Xpand Second Toddler Seats, do so with the sole purpose of incorporating these components with the EvenFlo Pivot Xpand Travel System in a manner that directly infringes the '568 Patent and in fact do incorporate these components in a manner that directly infringes the '568 Patent.

**ANSWER:**   Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and therefore denies them.

77.     As a direct and proximate result of EvenFlo's contributing to the infringement of '568 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**   Evenflo denies the allegations of paragraph 77 of the Complaint.

## COUNT FOUR

### (Direct Infringement of the '231 Patent under 35 U.S.C. § 271(a))

78.     Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**   Evenflo incorporates its responses to paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79.     EvenFlo has been and is directly infringing at least claims 1-3, 15-17, and 19-20 of the '231 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Infringing Products.

**ANSWER:**     Evenflo denies the allegations of paragraph 79 of the Complaint.

80.     By way of example, the Infringing Products infringe at least claim 1 of the '231 Patent because they contain each and every limitation of this claim.

**ANSWER:**     Evenflo denies the allegations of paragraph 80 of the Complaint.

81.     Without conceding the preamble is a limitation, the Infringing Products each are "[a] stroller system for supporting a front stroller seat and a rear stroller seat":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**     Evenflo denies the allegations of paragraph 81 of the Complaint.

82.    The Infringing Products include "a pair of rear wheels" and "a pair of front wheels":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 82 of the Complaint.

83.    The Infringing Products also include "a frame including a handle portion, a rear wheel support portion, a front wheel support portion":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 83 of the Complaint.


84.    The Infringing Products also include "a folding mechanism connecting the front wheel support portion and the handle portion in both an unfolded configuration and in a folded configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 84 of the Complaint.

85.    The Infringing Products likewise include a stroller system "wherein the folding mechanism connects the rear wheel support portion to the front wheel support portion and the handle portion":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 85 of the Complaint.

86.    The Infringing Products include a stroller system "wherein the frame includes a stroller seat support portion positioned at a first vertical position adjacent the handle portion":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

34



**ANSWER:**    Evenflo denies the allegations of paragraph 86 of the Complaint.


87.    The Infringing Products also include a stroller system "wherein the front wheel support portion and the handle portion are substantially parallel when the frame is in the unfolded configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 87 of the Complaint.

      88.    The Infringing Products include "a front seat attachment configured for attachment to the front wheel support portion at a second vertical position substantially lower than the first vertical position":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 88 of the Complaint.

89.    The Infringing Products also include a stroller system "wherein the front seat attachment is configured to releasably connect to and support the front stroller seat in either a forward-facing configuration or a backward-facing configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat



Evenflo PIVOT XPAND Manual (2022), pg. 24-25 (https://images.salsify.com/image/upload/s--xPB_dFlx--/vk8extpm8ntphseidvbm.pdf)



Evenflo PIVOT XPAND Manual (2022), pg. 27 (https://images.salsify.com/image/upload/s--xPB_dFlx--/vk8extpm8ntphseidvbm.pdf)

**ANSWER:**    Evenflo denies the allegations of paragraph 89 of the Complaint.


90.    The Infringing Products include a stroller system "wherein the front seat attachment is configured to support the front stroller seat substantially over the front wheels so that a center of gravity of the stroller system is between the front wheels and the rear wheels":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 90 of the Complaint.

91.    The Infringing Products also include a stroller system "wherein the rear wheel support portion extends diagonally from the front wheel support portion when the frame is in the unfolded configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 91 of the Complaint.

39

92.    The Infringing Products also include a rear wheel support portion that "is disposed adjacent to both the front wheel support portion and the handle portion when the frame is in the folded configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 92 of the Complaint.

93.    The Infringing Products further include a stroller system "wherein the stroller seat support portion positioned at the first vertical position and the front seat attachment at the second vertical position create an inline descending configuration of the rear stroller seat and the front stroller seat":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 93 of the Complaint.


94.    EvenFlo does not have a license to practice the technology claimed by the '231 Patent. EvenFlo does not have any other authority to practice the technology claimed by the '231 Patent.

**ANSWER:**    Evenflo admits it does not have a license to U.S. Patent No. 11,505,231. Evenflo

denies it practices the technology claimed in U.S. Patent No. 11,505,231 and any remaining

allegations of paragraph 94 of the Complaint.


95.    Since at least the filing of this Complaint, EvenFlo's infringement of the '231 Patent has been and continues to be knowing, intentional, and willful.

**ANSWER:**    Evenflo denies the allegations of paragraph 95 of the Complaint.


96.    At least because of EvenFlo's willful infringement of the '231 Patent, this is an exceptional case, and Baby Jogger is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER:**    Evenflo denies the allegations of paragraph 96 of the Complaint.


97.    As a result of EvenFlo's infringement of the '231 Patent, Baby Jogger has suffered, and will continue to suffer, damage including, but not limited to, monetary damages. Baby Jogger is entitled to recover from EvenFlo damages adequate to compensate it for such infringement, which have yet to be determined.

**ANSWER:**    Evenflo denies the allegations of paragraph 97 of the Complaint.

**COUNT FIVE**

**(Indirect Infringement of the '231 Patent under 35 U.S.C. § 271(b))**

98.     Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 97 of the Complaint as if fully set forth herein.

99.     EvenFlo has induced, and continues to induce, infringement of the '231 Patent by actively, knowingly, and intentionally inducing its customers to directly infringe at least claims 1-3, 15-17, and 19-20 of the '231 Patent via use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System.

**ANSWER:**    Evenflo denies the allegations of paragraph 99 of the Complaint.

100.     EvenFlo has induced, and continues to induce, its customers to directly infringe the '231 Patent through activities such as marketing the Infringing Products to be used in combination, creating and distributing promotional and product literature, and offering technical support for the Infringing Products, each of which are designed to instruct, encourage, direct, enable, and facilitate the use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '231 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 100 of the Complaint.

101.     For example, EvenFlo markets its Pivot Xpand Travel System as follows: "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds"[5] and "[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes."[6] EvenFlo also provides its customers with manuals that instruct, encourage, direct, enable, and facilitate the use of the Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '231 Patent.

**ANSWER:**    Evenflo admits that materials for its Pivot Xpand Travel System have included the language "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds" and

"[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes." Evenflo denies that it instructs, encourages, directs, enables, or facilitates its customers to use its products in a manner that infringes U.S. Patent No. 11,505,231.

102.    EvenFlo has had actual knowledge of the '231 Patent, as well as its infringement of the '231 Patent, since at least as early as the filing of this Complaint.

**ANSWER:**    **E**venflo admits it had actual knowledge of U.S. Patent No. 11,505,231 upon service of the Complaint. Evenflo denies the remaining allegations of paragraph 102 of the Complaint.

103.    Further, Baby Jogger has virtually marked its City Select strollers since at least as early as January 2023.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint and therefore denies them.

104.    Despite such knowledge of the '231 Patent, or being willfully blind to the existence of the '231 Patent, EvenFlo has provided, and continues to provide, the Pivot Xpand Second Toddler Seats to its customers and, on information and belief, encourages and aids its customers to use these products in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '231 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 104 of the Complaint.

105.    EvenFlo's customers do incorporate the Pivot Xpand Second Toddler Seats with EvenFlo Pivot Xpand Travel System in a manner that infringes the '231 Patent and continues to do so.

**ANSWER:**    Evenflo denies the allegations of paragraph 105 of the Complaint.

106.    On information and belief, EvenFlo has knowingly and intentionally encouraged and aided its customers to directly infringe the '231 Patent and continues to do so.

**ANSWER:**    Evenflo denies the allegations of paragraph 106 of the Complaint.

107.    On information and belief, EvenFlo specifically intended and intends that its actions will induce infringement of the '231 Patent, or subjectively believes that its actions will result in infringement of the '231 Patent. As a direct and proximate result of EvenFlo's inducement of infringement of '231 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**    Evenflo denies the allegations of paragraph 107 of the Complaint.

## COUNT SIX

### (Indirect Infringement of the '231 Patent under 35 U.S.C. § 271(c))

108.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 107 of the Complaint as if fully set forth herein.

109.    EvenFlo has contributed, and continues to contribute, to the infringement of the '231 Patent by third parties, including at least its customers, by selling and/or offering to sell in the United States, or importing into the United States, the Pivot Xpand Second Toddler Seats, which are material components of the invention claimed in the '231 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

**ANSWER:**    Evenflo denies the allegations of paragraph 109 of the Complaint.

110.    EvenFlo has had actual knowledge of the '231 Patent, as well as its infringement of the '231 Patent, since at least as early as the filing of this Complaint.

**ANSWER:**    Evenflo admits it had actual knowledge of U.S. Patent No. 11,505,231 upon service of the Complaint. Evenflo denies the remaining allegations of paragraph 110 of the Complaint.

111.    Further, Baby Jogger has virtually marked its City Select strollers since at least as early as January 2023.

**ANSWER:**    Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint and therefore denies them.

112.    Despite such knowledge of the '231 Patent, or being willfully blind to the existence of the '231 Patent, EvenFlo sells and/or offers for sale in the United States, and imports into the United States, the Pivot Xpand Second Toddler Seats knowing that these components are especially made or adapted for use in the infringement of the '231 Patent. There is no other use for these components other than to be incorporated with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '231 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 112 of the Complaint.

113.    EvenFlo's customers who purchase the Pivot Xpand Second Toddler Seats, do so with the sole purpose of incorporating these components with the EvenFlo Pivot Xpand Travel System in a manner that directly infringes the '231 Patent and in fact do incorporate these components in a manner that directly infringes the '231 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 113 of the Complaint.

114.    As a direct and proximate result of EvenFlo's contributing to the infringement of '231 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**    Evenflo denies the allegations of paragraph 114 of the Complaint.

## COUNT SEVEN

### (Direct Infringement of the '771 Patent under 35 U.S.C. § 271(a))

115.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 114 of the Complaint as if fully set forth herein.

116.    EvenFlo has been and is directly infringing at least claims 1-4 and 13-15 of the '771 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Infringing Products.

**ANSWER:**    Evenflo denies the allegations of paragraph 116 of the Complaint.

117.    By way of example, the Infringing Products infringe at least claim 1 of the '771 Patent because they contain each and every limitation of this claim.

**ANSWER:**    Evenflo denies the allegations of paragraph 117 of the Complaint.

118.    Without conceding the preamble is a limitation, the Infringing Products each are "[a] stroller convertible from a single seat configuration to a double seat configuration without increasing its footprint":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 118 of the Complaint.

119.    The Infringing Products include "two rear wheels" and "only two front wheels":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 119 of the Complaint.

120.    The Infringing Products also include "a frame supported by the front and rear wheels and comprising a handle portion":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 120 of the Complaint.

121.    The Infringing Products also include "left and right foldable support members extending from the handle portion towards a front end portion of the frame":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

48



**ANSWER:**    Evenflo denies the allegations of paragraph 121 of the Complaint.

122.    The Infringing Products further include "foldable support members extending in a parallel, spaced relationship and substantially within a plane that runs diagonally from the handle portion towards the front end portion of the frame":



**ANSWER:**    Evenflo denies the allegations of paragraph 122 of the Complaint.

123.    The Infringing Products include "a first seat releasably connected to the frame at a first vertical position that is closer to the handle portion than the front end portion":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat



To attach toddler seat, slide seat onto the mounts until they both click into place on both sides of the frame. The toddler seat may be attached forward-facing or parent-facing.

Evenflo PIVOT XPAND Manual (2022), pg. 12 (https://images.salsify.com/image/upload/s--xPB_dFlx--/vk8extpm8ntphseidvbm.pdf)

**ANSWER:**    Evenflo denies the allegations of paragraph 123 of the Complaint.

124.    The Infringing Products further include "the first seat being connectable to the frame in either a forward or backward facing position to form the single seat configuration":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat



To attach toddler seat, slide seat onto the mounts until they both click into place on both sides of the frame. The toddler seat may be attached forward-facing or parent-facing.

Evenflo PIVOT XPAND Manual (2022), pg. 12 (https://images.salsify.com/image/upload/s--xPB_dFlx--/vk8extpm8ntphseidvbm.pdf)

**ANSWER:**    Evenflo denies the allegations of paragraph 124 of the Complaint.


125.    The Infringing Products also include a stroller "wherein the frame receives an optional second seat assembly to form the double seat configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 125 of the Complaint.


126.    The Infringing Products include a second seat assembly that comprises: "right and left seat attachments disposed along the right and left support members of the frame, respectively, at a second vertical position that is lower than the first vertical position, and wherein the second vertical position is closer to the front end portion than the handle portion":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 126 of the Complaint.

127.    The Infringing Products likewise include "a second seat connectable to the right and left seat attachments in either a forward or backward facing position":



Evenflo PIVOT XPAND Manual (2022), pg. 27 (https://images.salsify.com/image/upload/s-- xPB_dFlx--/vk8extpm8ntphseidvbm.pdf)

**ANSWER:**    Evenflo denies the allegations of paragraph 127 of the Complaint.

128.    The Infringing Products also include a stroller "wherein the first seat and the second seat, when connected to the frame, are arranged in an inline descending configuration substantially along the plane of the frame":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 128 of the Complaint.

129.    EvenFlo does not have a license to practice the technology claimed by the '771 Patent. EvenFlo does not have any other authority to practice the technology claimed by the '771 Patent.

**ANSWER:**    Evenflo admits it does not have a license to U.S. Patent No. 11,577,771. Evenflo denies it practices the technology claimed in U.S. Patent No. 11,577,771 and any remaining allegations of paragraph 129 of the Complaint.

130.    Since at least the filing of this Complaint, EvenFlo's infringement of the '771 Patent has been and continues to be knowing, intentional, and willful.

**ANSWER:**    Evenflo denies the allegations of paragraph 130 of the Complaint.

131.    At least because of EvenFlo's willful infringement of the '771 Patent, this is an exceptional case, and Baby Jogger is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER:**    Evenflo denies the allegations of paragraph 131 of the Complaint.

132.    As a result of EvenFlo's infringement of the '771 Patent, Baby Jogger has suffered, and will continue to suffer, damage including, but not limited to, monetary damages. Baby Jogger is entitled to recover from EvenFlo damages adequate to compensate it for such infringement, which have yet to be determined.

**ANSWER:**    Evenflo denies the allegations of paragraph 132 of the Complaint.

## COUNT EIGHT

### (Indirect Infringement of the '771 Patent under 35 U.S.C. § 271(b))

133.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 132 of the Complaint as if fully set forth herein.

134.    EvenFlo has induced, and continues to induce, infringement of the '771 Patent by actively, knowingly, and intentionally inducing its customers to directly infringe at least claims 1-4 and 13-15 of the '771 Patent via use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System.

**ANSWER:**    Evenflo denies the allegations of paragraph 134 of the Complaint.

135.    EvenFlo has induced, and continues to induce, its customers to directly infringe the '771 Patent through activities such as marketing the Infringing Products to be used in combination, creating and distributing promotional and product literature, and offering technical support for the Infringing Products, each of which are designed to instruct, encourage, direct, enable, and facilitate the use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '771 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 135 of the Complaint.

136.    For example, EvenFlo markets its Pivot Xpand Travel System as follows: "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds"[8] and "[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes."[9] EvenFlo also provides its customers with manuals that instruct, encourage, direct, enable, and facilitate the use of the Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '771 Patent.

**ANSWER:**    Evenflo admits that materials for its Pivot Xpand Travel System have included the language "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds" and "[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes." Evenflo denies that it instructs, encourages, directs, enables, or facilitates its customers to use its products in a manner that infringes U.S. Patent No. 11,577,771.

137.    EvenFlo has had actual knowledge of the '771 Patent, as well as its infringement of the '771 Patent, since at least as early as the filing of this Complaint.

**ANSWER:**    Evenflo denies the allegations of paragraph 137 of the Complaint.

138.    The application that led to the '771 Patent (U.S. Patent Application No. 17/876,492) was published on November 24, 2022, and thus was publicly available as of that date.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,577,771 indicates that it was previously published as US 2022/0371641 on November 24, 2022. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 of the Complaint and therefore denies them.

139.    Despite such knowledge of the '771 Patent, or being willfully blind to the existence of the '771 Patent, EvenFlo has provided, and continues to provide, the Pivot Xpand Second Toddler Seats to its customers and, on information and belief, encourages and aids its customers to use these products in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '771 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 139 of the Complaint.


140.    EvenFlo's customers do incorporate the Pivot Xpand Second Toddler Seats with EvenFlo Pivot Xpand Travel System in a manner that infringes the '771 Patent and continues to do so.

**ANSWER:**    Evenflo denies the allegations of paragraph 140 of the Complaint.


141.    On information and belief, EvenFlo has knowingly and intentionally encouraged and aided its customers to directly infringe the '771 Patent and continues to do so.

**ANSWER:**    Evenflo denies the allegations of paragraph 141 of the Complaint.


142.    On information and belief, EvenFlo specifically intended and intends that its actions will induce infringement of the '771 Patent, or subjectively believes that its actions will result in infringement of the '771 Patent. As a direct and proximate result of EvenFlo's inducement of infringement of '771 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**    Evenflo denies the allegations of paragraph 142 of the Complaint.


## COUNT NINE

### (Indirect Infringement of the '771 Patent under 35 U.S.C. § 271(c))

143.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 142 of the Complaint as if fully set forth herein.

144.    EvenFlo has contributed, and continues to contribute, to the infringement of the '771 Patent by third parties, including at least its customers, by selling and/or offering to sell in the United States, or importing into the United States, the Pivot Xpand Second Toddler Seats, which are material components of the invention claimed in the '771 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

**ANSWER:**    Evenflo denies the allegations of paragraph 144 of the Complaint.

145.    EvenFlo has had actual knowledge of the '771 Patent, as well as its infringement of the '771 Patent, since at least as early as the filing of this Complaint.

**ANSWER:**    Evenflo admits it had actual knowledge of U.S. Patent No. 11,577,771 upon service of the Complaint. Evenflo denies the remaining allegations of paragraph 145 of the Complaint.

146.    The application that led to the '771 Patent (U.S. Patent Application No. 17/876,492) was published on November 24, 2022, and thus was publicly available as of that date.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,577,771 indicates that it was previously published as US 2022/0371641 on November 24, 2022. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 of the Complaint and therefore denies them.

147.    Despite such knowledge of the '568 Patent, or being willfully blind to the existence of the '771 Patent, EvenFlo sells and/or offers for sale in the United States, and imports into the United States, the Pivot Xpand Second Toddler Seats knowing that these components are especially made or adapted for use in the infringement of the '771 Patent. There is no other use for these components other than to be incorporated with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '771 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 147 of the Complaint.

148.    EvenFlo's customers who purchase the Pivot Xpand Second Toddler Seats, do so with the sole purpose of incorporating these components with the EvenFlo Pivot Xpand Travel System in a manner that directly infringes the '771 Patent and in fact do incorporate these components in a manner that directly infringes the '771 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 148 of the Complaint.

149.    As a direct and proximate result of EvenFlo's contributing to the infringement of '771 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**    Evenflo denies the allegations of paragraph 149 of the Complaint.

## COUNT TEN

### (Direct Infringement of the '682 Patent under 35 U.S.C. § 271(a))

150.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 150 of the Complaint as if fully set forth herein.

151.    EvenFlo has been and is directly infringing at least claims 1, 8-13, and 15 of the '682 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Infringing Products.

**ANSWER:**    Evenflo denies the allegations of paragraph 151 of the Complaint.

152.    By way of example, the Infringing Products infringe at least claim 1 of the '682 Patent because they contain each and every limitation of this claim.

**ANSWER:**    Evenflo denies the allegations of paragraph 152 of the Complaint.

153.    Without conceding the preamble is a limitation, the Infringing Products each are "[a] stroller, comprising: a stroller frame comprising a handle portion and a front end portion":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 153 of the Complaint.

154.    The Infringing Products also include "a plurality of wheels comprising a plurality of back wheels":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 154 of the Complaint.

155.    The Infringing Products include "a first seat coupled to the stroller frame at a first vertical position of the stroller frame, wherein the first seat is disposed closer to the handle portion than the front end portion of the stroller frame":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 155 of the Complaint.

156.    The Infringing Products further include "a first seat attachment housing coupled to the stroller frame at a second vertical position of the stroller frame that is below the first vertical position":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 156 of the Complaint.

      157.    The Infringing Products are strollers "wherein a first front wheel and a second front wheel extend from the front end of the stroller":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 157 of the Complaint.

158.    The Infringing Products include "a second seat attachment housing coupled to the stroller frame at a third vertical position of the stroller frame that is below the first vertical position, wherein the third vertical position is closer to the front end portion than the handle portion":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat



**ANSWER:**    Evenflo denies the allegations of paragraph 158 of the Complaint.


159.    The Infringing Products also include "a first seat attachment adapter spaced from and coupled to the first seat attachment housing by a first attachment frame member":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 159 of the Complaint.

160.    The Infringing Products include "a second seat attachment adapter spaced from and coupled to the second seat attachment housing by a second attachment frame member":



**ANSWER:**    Evenflo denies the allegations of paragraph 160 of the Complaint.

161.    The Infringing Products further include a stroller "wherein the first seat and the second seat, when connected to the frame, are arranged in an inline descending configuration along the stroller frame":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 161 of the Complaint.


162.    EvenFlo does not have a license to practice the technology claimed by the '682 Patent. EvenFlo does not have any other authority to practice the technology claimed by the '682 Patent.

**ANSWER:**    Evenflo admits it does not have a license to U.S. Patent No. 11,731,682. Evenflo denies it practices the technology claimed in U.S. Patent No. 11,731,682 and any remaining allegations of paragraph 162 of the Complaint.


163.    Since at least the filing of this Complaint, EvenFlo's infringement of the '682 Patent has been and continues to be knowing, intentional, and willful.

**ANSWER:**    Evenflo denies the allegations of paragraph 163 of the Complaint.

164.   At least because of EvenFlo's willful infringement of the '682 Patent, this is an exceptional case, and Baby Jogger is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER:**   Evenflo denies the allegations of paragraph 164 of the Complaint.

165. As a result of EvenFlo's infringement of the '682 Patent, Baby Jogger has suffered, and will continue to suffer, damage including, but not limited to, monetary damages. Baby Jogger is entitled to recover from EvenFlo damages adequate to compensate it for such infringement, which have yet to be determined.

**ANSWER:**   Evenflo denies the allegations of paragraph 165 of the Complaint.

## COUNT ELEVEN

### (Indirect Infringement of the '682 Patent under 35 U.S.C. § 271(b))

166.   Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**   Evenflo incorporates its responses to paragraphs 1 through 165 of the Complaint as

if fully set forth herein.

167.   EvenFlo has induced, and continues to induce, infringement of the '682 Patent by actively, knowingly, and intentionally inducing its customers to directly infringe at least claims 1, 8-13, and 15 of the '682 Patent via use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System.

**ANSWER:**   Evenflo denies the allegations of paragraph 167 of the Complaint.

168.   EvenFlo has induced, and continues to induce, its customers to directly infringe the '682 Patent through activities such as marketing the Infringing Products to be used in combination, creating and distributing promotional and product literature, and offering technical support for the Infringing Products, each of which are designed to instruct, encourage, direct, enable, and facilitate the use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '682 Patent.

**ANSWER:**   Evenflo denies the allegations of paragraph 168 of the Complaint.

169.    For example, EvenFlo markets its Pivot Xpand Travel System as follows: "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds"[11] and "[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes."[12] EvenFlo also provides its customers with manuals that instruct, encourage, direct, enable, and facilitate the use of the Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '682 Patent.

**ANSWER:**    Evenflo admits that materials for its Pivot Xpand Travel System have included the language "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds" and "[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes." Evenflo denies that it instructs, encourages, directs, enables, or facilitates its customers to use its products in a manner that infringes U.S. Patent No. 11,731,682.

170.    EvenFlo has had actual knowledge of the '682 Patent, as well as its infringement of the '682 Patent, since at least as early as the filing of this Complaint.

**ANSWER:**    Evenflo admits it had actual knowledge of U.S. Patent No. 11,731,682 upon service of the Complaint. Evenflo denies the remaining allegations of paragraph 170 of the Complaint.

171.    The application that led to the '682 Patent (U.S. Patent Application No. 16/903,292) was published on December 10, 2020, and thus was publicly available as of that date.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,731,682 indicates that it was previously published as US 2020/0385045 on December 10, 2020. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 171 of the Complaint and therefore denies them.

172.    Despite such knowledge of the '682 Patent, or being willfully blind to the existence of the '682 Patent, EvenFlo has provided, and continues to provide, the Pivot Xpand Second Toddler Seats to its customers and, on information and belief, encourages and aids its customers to use these products in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '682 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 172 of the Complaint.

173.    EvenFlo's customers do incorporate the Pivot Xpand Second Toddler Seats with EvenFlo Pivot Xpand Travel System in a manner that infringes the '682 Patent and continues to do so.

**ANSWER:**    Evenflo denies the allegations of paragraph 173 of the Complaint.

174.    On information and belief, EvenFlo has knowingly and intentionally encouraged and aided its customers to directly infringe the '682 Patent and continues to do so.

**ANSWER:**    Evenflo denies the allegations of paragraph 174 of the Complaint.

175.    On information and belief, EvenFlo specifically intended and intends that its actions will induce infringement of the '682 Patent, or subjectively believes that its actions will result in infringement of the '682 Patent. As a direct and proximate result of EvenFlo's inducement of infringement of '682 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**    Evenflo denies the allegations of paragraph 175 of the Complaint.

## COUNT TWELVE

### (Indirect Infringement of the '682 Patent under 35 U.S.C. § 271(c))

176.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 175 of the Complaint as if fully set forth herein.

177.    EvenFlo has contributed, and continues to contribute, to the infringement of the '682 Patent by third parties, including at least its customers, by selling and/or offering to sell in the United States, or importing into the United States, the Pivot Xpand Second Toddler Seats, which are material components of the invention claimed in the '682 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

**ANSWER:**    Evenflo denies the allegations of paragraph 177 of the Complaint.

178.    EvenFlo has had actual knowledge of the '682 Patent, as well as its infringement of the '682 Patent, since at least as early as the filing of this Complaint.

**ANSWER:**    Evenflo admits it had actual knowledge of U.S. Patent No. 11,731,682 upon service of the Complaint. Evenflo denies the remaining allegations of paragraph 178 of the Complaint.

179.    The application that led to the '682 Patent (U.S. Patent Application No. 16/903,292) was published on December 10, 2020, and thus was publicly available as of that date.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,731,682 indicates that it was previously published as US 2020/0385045 on December 10, 2020. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 179 of the Complaint and therefore denies them.

180.    Despite such knowledge of the '682 Patent, or being willfully blind to the existence of the '682 Patent, EvenFlo sells and/or offers for sale in the United States, and imports into the United States, the Pivot Xpand Second Toddler Seats knowing that these components are especially made or adapted for use in the infringement of the '682 Patent. There is no other use for these components other than to be incorporated with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '682 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 180 of the Complaint.

181.    EvenFlo's customers who purchase the Pivot Xpand Second Toddler Seats, do so with the sole purpose of incorporating these components with the EvenFlo Pivot Xpand Travel System in a manner that directly infringes the '682 Patent and in fact do incorporate these components in a manner that directly infringes the '682 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 181 of the Complaint.

182.    As a direct and proximate result of EvenFlo's contributing to the infringement of '682 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**    Evenflo denies the allegations of paragraph 182 of the Complaint.

## COUNT THIRTEEN

### (Direct Infringement of the '729 Patent under 35 U.S.C. § 271(a))

183.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 182 of the Complaint as if fully set forth herein.

184.    EvenFlo has been and is directly infringing at least claims 1-3 and 15-22 of the '729 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Infringing Products.

**ANSWER:**    Evenflo denies the allegations of paragraph 184 of the Complaint.

185.    By way of example, the Infringing Products infringe at least claim 1 of the '729 Patent because they contain each and every limitation of this claim.

**ANSWER:**    Evenflo denies the allegations of paragraph 185 of the Complaint.

186.    Without conceding the preamble is a limitation, the Infringing Products each are "[a] stroller system for supporting a front stroller seat and a rear stroller seat":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 186 of the Complaint.

187.    The Infringing Products include "a pair of rear wheels" and "a pair of front wheels":



https://www.evenflo.com/products/pivot-xpand-stroller-second-toddler-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 187 of the Complaint.

188.    The Infringing Products further include "a frame including a handle portion, a rear wheel support portion, a front wheel support portion":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 188 of the Complaint.


189.    The Infringing Products likewise include "a folding mechanism connecting the front wheel support portion and the handle portion in both an unfolded configuration and in a folded configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 189 of the Complaint.

190.    The Infringing Products also include a stroller system "wherein the frame includes a stroller seat support portion positioned at a first vertical position adjacent the handle portion":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat



**ANSWER:**    Evenflo denies the allegations of paragraph 190 of the Complaint.

191.    The Infringing Products further include a frame "wherein the front wheel support portion and the handle portion are parallel when the frame is in the unfolded configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 191 of the Complaint.

192.    The Infringing Products also include "a front seat attachment configured for attachment to the front wheel support portion at a second vertical position substantially lower than the first vertical position":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 192 of the Complaint.

193.    The Infringing Products likewise include a front seat attachment that "is configured to releasably connect to and support the front stroller seat in either a forward-facing configuration or a backward-facing configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

 

Evenflo PIVOT XPAND Manual (2022), pg. 24-25 (https://images.salsify.com/image/upload/s--xPB_dFlx--/vk8extpm8ntphseidvbm.pdf)



Evenflo PIVOT XPAND Manual (2022), pg. 27 (https://images.salsify.com/image/upload/s--xPB_dFlx--/vk8extpm8ntphseidvbm.pdf)

**ANSWER:**    Evenflo denies the allegations of paragraph 193 of the Complaint.

194.    The Infringing Products also include a front seat attachment that "is configured to support the front stroller seat substantially over the front wheels so that a center of gravity of the stroller system is between the front wheels and the rear wheels":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 194 of the Complaint.

195.    The Infringing Products further include a "rear wheel support portion [that] extends diagonally relative to the front wheel support portion when the frame is in the unfolded configuration,":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 195 of the Complaint.

82

196.    The Infringing Products also include a rear wheel support portion that "is disposed adjacent to both the front wheel support portion and the handle portion when the frame is in the folded configuration":



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 196 of the Complaint.

197.    The Infringing Products further include a "stroller seat support portion positioned at the first vertical position and the front seat attachment at the second vertical position create an inline descending configuration of the rear stroller seat and the front stroller seat."



https://www.evenflo.com/products/pivot-xpand-travel-system-litemax-infant-car-seat

**ANSWER:**    Evenflo denies the allegations of paragraph 197 of the Complaint.


198.    EvenFlo does not have a license to practice the technology claimed by the '729 Patent. EvenFlo does not have any other authority to practice the technology claimed by the '729 Patent.

**ANSWER:**    Evenflo admits that it does not have a license to U.S. Patent No. 11,878,729.

Evenflo denies that it practices the technology claimed in U.S. Patent No. 11,878,729 and any

remaining allegations in paragraph 198 of the Complaint.


199.    Since at least the filing of this Complaint, EvenFlo's infringement of the '729 Patent has been and continues to be knowing, intentional, and willful.

**ANSWER:**    Evenflo denies the allegations of paragraph 199 of the Complaint.


200.    At least because of EvenFlo's willful infringement of the '729 Patent, this is an exceptional case, and Baby Jogger is entitled to an award of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER:**    Evenflo denies the allegations of paragraph 200 of the Complaint.


201.    As a result of EvenFlo's infringement of the '729 Patent, Baby Jogger has suffered, and will continue to suffer, damage including, but not limited to, monetary damages. Baby Jogger is entitled to recover from EvenFlo damages adequate to compensate it for such infringement, which have yet to be determined.

**ANSWER:**    Evenflo denies the allegations of paragraph 201 of the Complaint.

**COUNT FOURTEEN**

**(Indirect Infringement of the '729 Patent under 35 U.S.C. § 271(b))**

202.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 201 of the Complaint as if fully set forth herein.

203.    EvenFlo has induced, and continues to induce, infringement of the '729 Patent by actively, knowingly, and intentionally inducing its customers to directly infringe at least claims 1-3 and 15-22 of the '729 Patent via use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System.

**ANSWER:**    Evenflo denies the allegations of paragraph 203 of the Complaint.

204.    EvenFlo has induced, and continues to induce, its customers to directly infringe the '729 Patent through activities such as marketing the Infringing Products to be used in combination, creating and distributing promotional and product literature, and offering technical support for the Infringing Products, each of which are designed to instruct, encourage, direct, enable, and facilitate the use of its Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '729 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 204 of the Complaint.

205.    For example, EvenFlo markets its Pivot Xpand Travel System as follows: "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds"[14] and "[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes."[15] EvenFlo also provides its customers with manuals that instruct, encourage, direct, enable, and facilitate the use of the Pivot Xpand Second Toddler Seats in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '729 Patent.

**ANSWER:**    Evenflo admits that materials for its Pivot Xpand Travel System have included the language "the versatile Pivot Xpand Modular Travel System helps you make room for xtra! Expanding the frame to accommodate a second toddler or infant seat takes just seconds" and

"[a]ttach two toddler seats, two infant car seats, or one of each. Designed for ultimate flexibility, the frame accommodates up to 23 configurations in the USA for infant and toddler seating at various heights in both parent-facing and forward-facing modes." Evenflo denies that it instructs, encourages, directs, enables, or facilitates its customers to use its products in a manner that infringes U.S. Patent No. 11,878,729.

206. EvenFlo has had actual knowledge of the '729 Patent, as well as its infringement of the '729 Patent, since at least as early as the filing of this Complaint.

**ANSWER:** Evenflo admits it had actual knowledge of U.S. Patent No. 11,878,729 upon service of the Complaint. Evenflo denies the remaining allegations of paragraph 65 of the Complaint.

207. The application that led to the '729 Patent (U.S. Patent Application No. 18/051,053) was published on March 2, 2023, and thus was publicly available as of that date.

**ANSWER:** Evenflo admits that U.S. Patent No. 11,878,729 indicates that it was previously published as US 2023/0065661 on March 2, 2023. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 207 of the Complaint and therefore denies them.

208. Despite such knowledge of the '729 Patent, or being willfully blind to the existence of the '729 Patent, EvenFlo has provided, and continues to provide, the Pivot Xpand Second Toddler Seats to its customers and, on information and belief, encourages and aids its customers to use these products in combination with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '729 Patent.

**ANSWER:** Evenflo denies the allegations of paragraph 208 of the Complaint.

209. EvenFlo's customers do incorporate the Pivot Xpand Second Toddler Seats with EvenFlo Pivot Xpand Travel System in a manner that infringes the '729 Patent and continues to do so.

**ANSWER:** Evenflo denies the allegations of paragraph 209 of the Complaint.

210.    On information and belief, EvenFlo has knowingly and intentionally encouraged and aided its customers to directly infringe the '729 Patent and continues to do so.

**ANSWER:**    Evenflo denies the allegations of paragraph 210 of the Complaint.

211.    On information and belief, EvenFlo specifically intended and intends that its actions will induce infringement of the '729 Patent, or subjectively believes that its actions will result in infringement of the '729 Patent. As a direct and proximate result of EvenFlo's inducement of infringement of '729 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**    Evenflo denies the allegations of paragraph 211 of the Complaint.

## COUNT FIFTEEN

### (Indirect Infringement of the '729 Patent under 35 U.S.C. § 271(c))

212.    Baby Jogger realleges and incorporates the preceding paragraphs as set forth above.

**ANSWER:**    Evenflo incorporates its responses to paragraphs 1 through 211 of the Complaint as if fully set forth herein.

213.    EvenFlo has contributed, and continues to contribute, to the infringement of the '729 Patent by third parties, including at least its customers, by selling and/or offering to sell in the United States, or importing into the United States, the Pivot Xpand Second Toddler Seats, which are material components of the invention claimed in the '729 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

**ANSWER:**    Evenflo denies the allegations of paragraph 213 of the Complaint.

214.    EvenFlo has had actual knowledge of the '729 Patent, as well as its infringement of the '729 Patent, since at least as early as the filing of this Complaint.

**ANSWER:**    Evenflo denies the allegations of paragraph 214 of the Complaint.

215.    The application that led to the '729 Patent (U.S. Patent Application No. 18/051,053) was published on March 2, 2023, and thus was publicly available as of that date.

**ANSWER:**    Evenflo admits that U.S. Patent No. 11,878,729 indicates that it was previously published as US 2023/0065661 on March 2, 2023. Evenflo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 215 of the Complaint and therefore denies them.

216.    Despite such knowledge of the '729 Patent, or being willfully blind to the existence of the '729 Patent, EvenFlo sells and/or offers for sale in the United States, and imports into the United States, the Pivot Xpand Second Toddler Seats knowing that these components are especially made or adapted for use in the infringement of the '729 Patent. There is no other use for these components other than to be incorporated with the EvenFlo Pivot Xpand Travel System in a manner that infringes the '729 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 216 of the Complaint.

217.    EvenFlo's customers who purchase the Pivot Xpand Second Toddler Seats, do so with the sole purpose of incorporating these components with the EvenFlo Pivot Xpand Travel System in a manner that directly infringes the '729 Patent and in fact do incorporate these components in a manner that directly infringes the '729 Patent.

**ANSWER:**    Evenflo denies the allegations of paragraph 217 of the Complaint.

218.    As a direct and proximate result of EvenFlo's contributing to the infringement of '729 Patent by its customers, Baby Jogger has been and continues to be damaged.

**ANSWER:**    Evenflo denies the allegations of paragraph 218 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without prejudice to the denials set forth in this Answer, Evenflo further responds to the Complaint with the defenses set forth below. Evenflo expressly reserves the right to supplement this Answer, including the right to assert additional defenses, as more information is learned through discovery and further factual investigation in this case. Evenflo does not intend to

hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden of proof.

**First Affirmative Defense (Failure to State a Claim)**

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense (Patent Invalidity)**

2.  U.S. Patent No. 11,192,568 is invalid for failure to satisfy and comply with the requirements of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103. 112 and/or 116 and Title 37 of the Code of Federal Regulations.

3.  U.S. Patent No. 11,505,231 is invalid for failure to satisfy and comply with the requirements of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103. 112 and/or 116 and Title 37 of the Code of Federal Regulations.

4.  U.S. Patent No. 11,577,771 is invalid for failure to satisfy and comply with the requirements of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103. 112 and/or 116 and Title 37 of the Code of Federal Regulations.

5.  U.S. Patent No. 11,731,682 is invalid for failure to satisfy and comply with the requirements of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103. 112 and/or 116 and Title 37 of the Code of Federal Regulations.

6.  U.S. Patent No. 11,878,729 is invalid for failure to satisfy and comply with the requirements of the conditions for patentability set forth in Title 35 of the United States Code,

including without limitation §§ 101, 102, 103. 112 and/or 116 and Title 37 of the Code of Federal Regulations.

### Third Affirmative Defense (Patent Noninfringement)

7.    Evenflo does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 11,192,568 either literally, or under the doctrine of equivalents.

8.    Evenflo does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 11,505,231 either literally, or under the doctrine of equivalents.

9.    Evenflo does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 11,577,771 either literally, or under the doctrine of equivalents.

10.    Evenflo does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 11,731,682 either literally, or under the doctrine of equivalents.

11.    Evenflo does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 11,878,729 either literally, or under the doctrine of equivalents.

### Fourth Affirmative Defense (Notice, Damages, and Costs)

12.    Plaintiff's claims for damages, if any, against Evenflo are statutorily limited by 35 U.S.C. §§ 286, 287 and 288.

## Fifth Affirmative Defense (Prosecution Laches)

13.    Baby Jogger's patent infringement claims are barred in whole or in part under the doctrine of prosecution laches.

14.    The Asserted Patents are the result of protracted and convoluted prosecution before the U.S. Patent and Trademark Office.

15.    U.S. Provisional Application 62/119,920 was filed on December 4, 2008.

16.    U.S. Application No. 12/631,375 was filed on December 4, 2009 claiming priority to U.S. Provisional Application 62/119,920.

17.    On June 9, 2014, U.S. Application No. 12/631,375 was expressly abandoned.

18.    The application which ultimately issued as U.S. Patent No. 8,955,869 on February 17, 2015, was filed on March 25, 2014.

19.    The application which ultimately issued as U.S. Patent No. 8,955,869 was filed as a continuation alleging priority to U.S. Provisional Application 62/119,920.

20.    The continuation application that issued as U.S. Patent No. 9,403,550 on August 2, 2016, was filed was on January 15, 2015.

21.    The application which ultimately issued as U.S. Patent No. 9,403,550 was filed as a continuation alleging priority to U.S. Provisional Application 62/119,920.

22.    Baby Jogger did not file another direct continuation application alleging priority to U.S. Patent No. 9,403,550.

23.    U.S. Provisional Application 62/311,224 was filed on March 21, 2016.

24.    The application which ultimately issued as U.S. Patent No. 9,944,305 on March 17, 2018 was filed on August 1, 2016.

25.     The continuation application that issued as U.S. Patent No. 9,944,305 was filed as a continuation-in-part application alleging priority to U.S. Provisional Application 61/631,375 filed on December 4, 2008 and U.S. Provisional Application 62/311,224 filed on March 21, 2016.

26.     Each of the Asserted Patents were filed as continuation applications alleging priority to U.S. Patent No. 9,944,305.

27.      The specification for each Asserted Patent includes material only supported by U.S. Provisional Application 62/311,224 filed on March 21, 2016.

28.     To the extent Baby Jogger contends any asserted claim of the Asserted Patents has a priority date or effective filing date prior to March 21, 2016, Baby Jogger and its predecessor applicants have engaged in an unreasonable and undue delay in prosecuting the asserted claims for lengths of twelve to fourteen years.

29.     Baby Jogger's unreasonable and undue delay has prejudiced Evenflo. Thus, as a matter of equity, the Asserted Patents should be found unenforceable against Evenflo.

## **PRAYER FOR RELIEF**

For these reasons, Evenflo prays for the following relief:

a.      a declaration that Evenflo has not infringed any valid claim of the Asserted Patents under any theory of infringement;

b.      a declaration that the Asserted Patents are invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112;

c.      a declaration that the Asserted Patents are unenforceable;

    d.    a declaration that this case is exceptional and an award to Evenflo of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

    e.    such other and further relief as this Court may deem as just and proper.

## JURY DEMAND

Evenflo requests a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

OF COUNSEL:

Frank A. Angileri
Thomas W. Cunningham
John P. Rondini
Francesca M. Cusumano
Abdulai Rashid
BROOKS KUSHMAN P.C.
150 W. Second St.
Suite 400N
Royal Oak, MI  48067-3846
(248) 358-4400

August 26, 2024

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
rsmith@morrisnichols.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 26, 2024, upon the following in the manner indicated:

Andrew C. Mayo                                                    *VIA ELECTRONIC MAIL*
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19801
*Attorneys for Plaintiff Baby Jogger, LLC*

John W. Harbin                                                   *VIA ELECTRONIC MAIL*
Gregory J. Carlin
Walter Hill Levie III
Robert J. Leonard
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA  30309
*Attorneys for Plaintiff Baby Jogger, LLC*

/s/ *Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)