IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BABY JOGGER, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-723 (GBW) |
| | ) |
| EVENFLO COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**EVENFLO COMPANY, INC.'S OPENING BRIEF
<u>IN SUPPORT OF ITS MOTION TO STAY</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Rodger D. Smith II (#3778) |
|  | Ben Yenerall (#7132) |
|  | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
|  | Wilmington, DE 19899 |
| Frank A. Angileri | (302) 658-9200 |
| Thomas W. Cunningham | rsmith@morrisnichols.com |
| John P. Rondini | byenerall@morrisnichols.com |
| Francesca M. Cusumano |  |
| Abdulai Rashid | *Attorneys for Defendant Evenflo Company, Inc.* |
| BROOKS KUSHMAN P.C. |  |
| 150 W. Second St. |  |
| Suite 400N |  |
| Royal Oak, MI 48067-3846 |  |
| (248) 358-4400 |  |

September 5, 2025

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I.  INTRODUCTION ..................................................................................................... 1

II. BACKGROUND ....................................................................................................... 2

III. LEGAL STANDARD................................................................................................ 4

IV. ARGUMENT ............................................................................................................. 5

    A.  A Stay Will Simplify or Eliminate All Claims in this Case ................................ 5

    B.  The Stage of this Case Strongly Favors a Stay ................................................... 8

    C.  Baby Jogger Will Not Suffer Undue Prejudice From a Stay. .............................. 8

V.  CONCLUSION.......................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Arch Chemicals, Inc. v. Sherwin-Williams Company et al.*,
    C.A. No. 18-2037 (D. Del. Nov. 5, 2019) ................................................................................6

*Audio MPEG, Inc. v. Hewlett-Packard Co.*
    No. 2:15cv73, 2015 WL 5567085 (E.D. Va. Sept. 21, 2015) ..................................................8

*Brit. Telecommunications PLC v. IAC/InterActiveCorp*,
    C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019) ........................ 5, 6, 7, 8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    C.A. No. 18-452-WCB, 2019 WL 3943058 ............................................................................5

*Murata Mach. USA v. Daifuku Co.*,
    830 F.3d 1357 (Fed. Cir. 2016) ................................................................................................5

*NFC Tech. LLC v. HTC Am., Inc.*,
    No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...........................................5

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*,
    C.A. No. 12-1461, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ................................................5

*Sec. First Innovations, LLC v. Google LLC*,
    No. 2:23-CV-97, 2024 WL 234720 (E.D. Va. Jan. 22, 2024) ..............................................6, 8

*UPL NA, Inc. v. Tide Int'l (USA), Inc.*,
    No. CV 19-1201-RSWL-KSX, 2021 WL 663128 (C.D. Cal. Feb. 19, 2021) ..........................8

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d (Fed. Cir. 2014) ......................................................................................................6, 9

**Rules and Statutes**

35 U.S.C. § 316 ..............................................................................................................................3

ii

I.  **INTRODUCTION**

Plaintiff Baby Jogger, LLC ("Baby Jogger") filed this patent infringement action against Evenflo Company, Inc. ("Evenflo") more than one year ago, on June 18, 2024. (D.I. 1.) That same day, Baby Jogger filed two similar complaints against Baby Generation, Inc. d/b/a Mockingbird ("Mockingbird") and Monahan Products LLC d/b/a UPPAbaby ("UPPAbaby"). (*See* Exs. 1, 2.)

In this action, Baby Jogger asserts five U.S. Patents (purple below) from a complex patent family, all of which claim priority to a December 2008 U.S. Provisional Patent Application (green below).[1]



---

[1]  Baby Jogger also asserted the '568, '231, and '729 Patents against Mockingbird and UPPAbaby. (Ex. 1, Mockingbird Complaint, ¶ 2; Ex. 2, UPPAbaby Complaint, ¶ 2.)

In June 2025, Evenflo, individually or collectively with Mockingbird and UPPAbaby, filed five *inter partes* review ("IPR") petitions challenging the validity of the Asserted Patents. The five IPR petitions challenge every patent claim Baby Jogger asserts in this case. The Patent Trial and Appeal Board ("PTAB") is scheduled to provide institution decisions for those five IPR petitions starting January 2, 2026. If instituted, final written decisions will issued by January 2027.

Given we are less than four months from receiving institution decisions, Evenflo respectfully requests that the Court stay this litigation pending resolution of the IPR proceedings. A stay will conserve judicial and party resources, avoid duplicative efforts, and prevent the risk of inconsistent rulings. A stay is warranted given this case remains in its infancy: no scheduling order has been entered, discovery has not begun, and all substantive phases of litigation—fact discovery, claim construction, expert discovery, and trial—remain ahead. Proceeding in parallel with the IPRs would be inefficient and would unnecessarily waste this Court's and the parties' time and resources.

## II.     BACKGROUND

This case remains in its earliest stages. Baby Jogger filed its Complaint on June 18, 2024, alleging infringement of U.S. Patent Nos. 11,505,231 ("the '231 Patent"), 11,577,771 ("the '771 Patent"), 11,731,682 ("the '682 Patent"), and 11,878,729 ("the '729 Patent") (collectively, "the Asserted Patents"). (D.I. 1 ¶ 2.) Baby Jogger later filed an Amended Complaint on September 16, 2024 (D.I. 16) alleging that Evenflo infringes the following claims from each of the Asserted Patents:

| Asserted Patent | Asserted Claims | Citation |
|---|---|---|
| The '568 Patent | 1, 7-9 | D.I. 16, ¶¶ 58, 79 |
| The '231 Patent | 1-3. 15-17. 19-20 | D.I. 16, ¶¶ 95, 118 |
| The '729 Patent | 1-4, 13-15 | D.I. 16, ¶¶ 134, 155 |
| The '682 Patent | 1, 8-13, and 15 | D.I. 16, ¶¶ 171, 190 |
| The '771 Patent | 1-4, 13-15 | D.I. 16, ¶¶ 206, 228 |

Evenflo filed its Answer on October 29, 2024. (D.I. 17.) Since then, a scheduling order not been entered, fact discovery has not begun, and all major phases of the litigation—including claim construction, expert discovery, dispositive motions, and trial—are not even scheduled to occur.

Meanwhile, in June 2025, Evenflo filed five IPR petitions challenging the validity of all asserted claims of the five Asserted Patents.[2] The table below summarizes the IPR filings and the expected timelines for institution decisions and final written decisions:

| IPR Case No. (Patent Challenged) | Claims Challenged | Petitioner[3] | Filing Date | Institution Date[4] | Final Written Decision Date[5] |
|---|---|---|---|---|---|
| IPR2025-01100 ('568 Patent) | 1-9, 17-20 | Evenflo, Mockingbird, UPPAbaby | 06/06/2025 | 01/02/2026 | 01/02/2027 |

---

[2]   Mockingbird and UPPAbaby filed two additional IPR petitions challenging U.S. Patent Nos. 8,955,869 and 9,403,550, respectively. Evenflo is not a party to those IPR proceedings.

[3]   Because Baby Jogger asserted the '568 Patent, the '231 Patent, and the '729 Patent against Evenflo, Mockingbird, and UPPAbaby, they collectively filed one IPR petition for each of those patents.

[4]   For each of these IPR proceedings, the PTAB has issued a "Notice of Date Accorded." (*See* Ex. 3.) Institution decisions are provided six months from the notice of date accorded.

[5]   These dates are based on the statutory requirement that the PTAB issue a final written decision within one year of institution in each proceeding. *See* 35 U.S.C. § 316.

3

| IPR Case No. (Patent Challenged) | Claims Challenged | Petitioner[3] | Filing Date | Institution Date[4] | Final Written Decision Date[5] |
|---|---|---|---|---|---|
| IPR2025-01095 ('231 Patent) | 1-17, 19-22 | Evenflo, Mockingbird, UPPAbaby | 06/06/2025 | 01/02/2026 | 01/02/2027 |
| IPR2025-01120 ('729 Patent) | 1-17, 19-22 | Evenflo, Mockingbird, UPPAbaby | 06/13/2025 | 01/03/2026 | 01/03/2027 |
| IPR2025-01122 ('682 Patent) | 1-16 | Evenflo | 06/16/2025 | 01/07/2026 | 01/07/2027 |
| IPR2025-01140 ('771 Patent) | 1-15 | Evenflo | 06/17/2025 | 01/07/2026 | 01/07/2027 |

Since Evenflo filed its Answer in October 2024, Baby Jogger has taken no steps to advance this case. It was not until August 11, 2025—more than one year after Baby Jogger's Complaint—that Baby Jogger's counsel first contacted Evenflo's counsel to request a Rule 26(f) conference and propose a scheduling order. (Ex. 4.) Evenflo's counsel responded the same day, noting the above-identified IPR petitions had been filed more than two months earlier challenging the validity of all five Asserted Patents. (Ex. 5.) Counsel further stated that because the PTAB would issue institution decisions on all five IPR petitions in only four months, pressing forward with litigation would be an inefficient and unnecessary expenditure of party and judicial resources. (*Id.*) Instead, Evenflo recommended a stay pending the PTAB's determinations, which would conserve resources, avoid duplicative efforts, and promote efficiency. (*Id.*) Counsel for the parties met and conferred on August 28, 2025, during which Baby Jogger's counsel stated that it opposed any motion to stay.

III.   **LEGAL STANDARD**

District courts typically consider three factors when determining whether to grant a stay pending IPRs: "(1) whether granting the stay will simplify the issues for trial; (2) the status

of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, C.A. No. 12-1461, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014); *see also Brit. Telecommunications PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019); *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, *2 (D. Del. August 21, 2019.

Whether to stay proceedings pending the Patent and Trademark Office's ("PTO") review of the validity of the patents at issue lies within the district court's discretion. *See Brit. Telecommunications PLC*. 2019 WL 4740156, at *2. Courts have recognized that a stay is particularly appropriate where "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.*; *citing NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015).

Furthermore, a court "retains the 'discretionary prerogative to balance considerations beyond those captured by the three-factor stay test.'" *Brit. Telecommunications PLC*, 2019 WL 4740156, at *4; *citing Murata Mach. USA v. Daifuku Co.,* 830 F.3d 1357, 1362 (Fed. Cir. 2016).

IV.     **ARGUMENT**

    A.     **A Stay Will Simplify or Eliminate All Claims in this Case**

"The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *British Telecommunications PLC v. IAC/InterActive Corp*, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019). This Court has even granted stays *before institution* when all claims of the asserted patents are challenged because the resulting IPR final

5

decisions could simplify—or potentially eliminate—all issues before the Court. *See Arch Chemicals, Inc. v. Sherwin-Williams Company et al.*, C.A. No. 18-2037 (D. Del. Nov. 5, 2019).

As shown below, the pending IPRs challenge every asserted claim of the Asserted Patents. If successful, the pending IPRs would dispose of this case entirely, which would be the "'ultimate simplification of the issues.'" *Sec. First Innovations, LLC v. Google LLC*, No. 2:23-CV-97, 2024 WL 234720, at *3 (E.D. Va. Jan. 22, 2024); (*quoting VirtualAgility Inc. v. Salesforce.com, Inc.,* 759 F.3d at 1307, 1314 (Fed. Cir. 2014).)

| IPR Case No. | Asserted Patent | Claims Challenged by IPR | Asserted Claims | Citation |
|---|---|---|---|---|
| IPR2025-01100 | The '568 Patent | 1-9, 17-20 | 1, 7-9 | D.I. 16, ¶¶58, 79 |
| IPR2025-01095 | The '231 Patent | 1-17, 19-22 | 1-3. 15-17. 19-20 | D.I. 16, ¶¶95, 118 |
| IPR2025-01120 | The '729 Patent | 1-17, 19-22 | 1-4, 13-15 | D.I. 16, ¶¶134, 155 |
| IPR2025-01122 | The '682 Patent | 1-16 | 1, 8-13, and 15 | D.I. 16, ¶¶171, 190 |
| IPR2025-01140 | The '771 Patent | 1-15 | 1-4, 13-15 | D.I. 16, ¶¶206, 228 |

The PTAB will issue its institution decisions by January 2026—less than four months from now. If instituted, the PTAB will issue its final written decisions by January 2027—sixteen months from now. Proceeding in the interim would force the parties and the Court to expend significant resources that may be rendered unnecessary by the PTAB's decisions.

"[I]f the PTAB invalidates all of the claims before it, the case will unquestionably become simpler." *British Telecommunications*, 2019 WL 4740156, at *8. Here, the pending IPRs have the potential to invalidate all claims asserted by Baby Jogger. In fact, the pending IPR

petitions challenge most of the non-asserted claims as well. The pending IPRs therefore have the potential to eliminate all issues related to the pending district court litigation.

"Second, even if the PTAB does not cancel all (or even any) of the asserted claims of the … [Asserted Patents], any conclusion that the PTAB reaches will have a likely effect on the litigation by limiting the arguments … [Evenflo] can make regarding validity." *Id.* This is especially true given that Evenflo has, for each IPR petition, stipulated to the PTAB that *if institution is granted* it will not pursue in this litigation "(i) the specific invalidity grounds raised in [that IPR petition], or (ii) any other invalidity ground that was raised or could have been reasonably raised in [that IPR petition] (i.e., any ground that could be raised under §§ 102 or 103 on the basis of prior art patents or printed publications)." (Ex. 6.) Thus, if the IPRs are instituted, Evenflo will have already significantly simplified the case.

"Third, and relatedly, even if the PTAB does not invalidate any of the claims in the pending IPR proceeding, the Court will benefit from the PTAB's guidance on the construction of certain claim terms." *British Telecommunications*, 2019 WL 4740156, at *8. Many of the pending IPRs involve claim construction arguments that intertwine with arguments related to the priority date of each Asserted Patent. (*See, e.g.*, Ex. 7, 568 Petition at 15-16.) Again, the Asserted Patents are a related patent family, but the "priority date" that determines what may—or may not—be considered "prior art" can vary from patent to patent. Like claim construction, "priority" is a unique question of patent law, so "the expertise of the PTAB judges … is likely to be of considerable assistance to the Court" in resolving both the claim construction and "priority date" arguments. *British Telecommunications*, 2019 WL 4740156, at *8.

"Fifth … allowing the PTO to adjudicate the validity of the claims before it in the IPR proceeding reduces what otherwise could be duplication of effort and possibly inconsistent

7

results between the administrative agency and this Court." *Id.* This is even more true given Baby Jogger has also asserted the '568 Patent, the '231 Patent, and the '729 Patent in a parallel case against Mockingbird also pending before this Court. (*See* Ex 1, Mockingbird Complaint, ¶ 2.)

        This factor overwhelming favors granting a stay.

    **B.    The Stage of this Case Strongly Favors a Stay**

        This case is not only in its infancy—it has not even left the starting blocks. Since Evenflo filed its Answer in October 2024, Baby Jogger has taken no steps to advance the litigation. Only now, with multiple IPRs pending institution, does Baby Jogger seek to move forward by requesting a scheduling order. Baby Jogger's sudden urgency appears to be a tactical attempt to gain ground ahead of the PTAB proceedings. Because Evenflo has moved for a stay before the Rule 16 scheduling conference, this factor should "heavily" favor granting a stay. *Audio MPEG, Inc. v. Hewlett-Packard Co.* No. 2:15cv73, 2015 WL 5567085, at *6 (E.D. Va. Sept. 21, 2015) (granting stay pending institution decision and holding this factor "heavily favors granting a stay" in case that "has not had a scheduling conference or set dates for trial, the Markman hearing, or discovery").

    **C.    Baby Jogger Will Not Suffer Undue Prejudice From a Stay**

        The third factor favors a stay because Baby Jogger's own actions show it will not be unduly prejudiced from a stay for at least three reasons.

        *First*, Baby Jogger showed no urgency in filing this action. Evenflo introduced the allegedly infringing "Shyft Dualride" in 2018 (Ex. 8), yet Baby Jogger waited many years before filing this action. And Baby Jogger, undoubtedly aware that the parties co-existed for *six years* before this suit, did not seek a preliminary injunction, which directly undercuts any claim it is unduly prejudiced by a stay. *See UPL NA, Inc. v. Tide Int'l (USA), Inc.*, No. CV 19-1201-RSWL-KSX, 2021 WL 663128, at *4 (C.D. Cal. Feb. 19, 2021) ("Plaintiff's failure to seek a preliminary

injunction belies its claims of undue prejudice in the marketplace."); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (not pursuing preliminary injunction "contradicts" assertion of undue prejudice)

*Second,* Baby Jogger has demonstrated no urgency to proceed after filing this case. Again, Baby Jogger made no request to the Court over the past eleven months regarding this case. Baby Jogger's decision to request a scheduling conference is a direct result of briefing to the PTAB regarding institution that was due this week. (*See* D.I. 19). Baby Jogger's own inaction demonstrates that it will not be unduly prejudiced by a stay.

*Third,* the pending IPRs raise significant procedural issues stemming from Baby Jogger's actions during prosecution of the Asserted Patents. In particular, the IPRs challenge whether Baby Jogger misrepresented the "priority" date of the Asserted Patents. (Ex. 7, '568 Petition, pgs. 16-17.) Given the PTAB's specialized expertise in evaluating priority-based disputes, and given this is an issue regarding whether Baby Jogger made misrepresentations to the Patent Office during prosecution, the PTAB is unquestionably the best forum to resolve this issue. Because this procedural issue arises from Baby Jogger's own conduct before the PTO, Baby Jogger cannot credibly claim undue prejudice if this case is stayed pending the PTAB's decision to institute and assess this matter.

## V.   CONCLUSION

For the reasons set forth above, Evenflo respectfully requests that the Court stay the case pending resolution of the IPRs (including any appeals) concerning the Asserted Patents.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Rodger D. Smith II* |
| OF COUNSEL: | Rodger D. Smith II (#3778) |
| | Ben Yenerall (#7132) |
| Frank A. Angileri | 1201 North Market Street |
| Thomas W. Cunningham | P.O. Box 1347 |
| John P. Rondini | Wilmington, DE  19899 |
| Francesca M. Cusumano | (302) 658-9200 |
| Abdulai Rashid | rsmith@morrisnichols.com |
| BROOKS KUSHMAN P.C. | byenerall@morrisnichols.com |
| 150 W. Second St. | |
| Suite 400N | *Attorneys for Defendant Evenflo Company, Inc.* |
| Royal Oak, MI  48067-3846 | |
| (248) 358-4400 | |

September 5, 2025

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 5, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Andrew C. Mayo<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff Baby Jogger, LLC* | *VIA ELECTRONIC MAIL* |
| John W. Harbin<br>Gregory J. Carlin<br>Walter Hill Levie III<br>Robert J. Leonard<br>MEUNIER CARLIN & CURFMAN LLC<br>999 Peachtree Street NE, Suite 1300<br>Atlanta, GA  30309<br>*Attorneys for Plaintiff Baby Jogger, LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)