# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

**Ben Yenerall**
302 351 9811
byenerall@morrisnichols.com

December 4, 2025

The Honorable Gregory B. Williams     *VIA ELECTRONIC FILING*
United States District Court            *AND HAND DELIVERY*
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   <u>*Baby Jogger, LLC v. Evenflo Company, Inc.,*</u> C.A. No. 24-723-GBW

Dear Judge Williams:

I am writing on behalf of defendant Evenflo Company, Inc. in response to the December 3, 2025 letter from plaintiff Baby Jogger (D.I. 24), and to explain how the Notice of Decision on Institution ("Notice") attached to Plaintiff's letter impacts Defendant's motion to stay (D.I. 20).

The Notice explains that the Director of the USPTO instituted *inter partes* review (IPR) for two of the five asserted patents "after review of the merits" (D.I. 24, Ex. A at 2) and denied three petitions based on "discretionary considerations" (*id.* at 1). As Defendant explained in its Motion to Stay, the two instituted IPRs will address the patents' "priority date," which is a foundational issue on which the PTAB judges have expertise. D.I. 21 at 9; D.I. 23 at 7-8. Because the priority issues in the two instituted IPRs arise in all of the asserted patents, the PTAB's decisions on the instituted IPRs will impact all five patents in suit. The Director's institution decisions thus confirm a stay is warranted for the reasons stated in Defendant's briefs. *Id.*; *id*. If it would be helpful to the Court, Defendant can provide a supplemental brief explaining how the priority issues in the instituted IPRs impact all five asserted patents.

The Director's three denials based on "discretionary considerations" do not impact these benefits from a stay. The discretionary denials did not address the merits (priority or otherwise) but instead relied on *Revvo Technologies, Inc. v. Cerebrum Sensor Technologies, Inc*., IPR2025-00632, Paper 20 (Squires Nov. 3, 2025) (precedential) (D.I. 24, Ex. A at 1), which allows discretionary denial based on a petitioner's inconsistent claim construction positions in district court and the PTAB, after Baby Jogger alleged a different petitioner (UPPAbaby) separately sued by Baby Jogger did so.  *See* Exhibits 1-3 at i (attached hereto).

Because the Director's Notice instituted two IPRs that address priority issues impacting all five of the patents-in-suit, a stay remains warranted for the reasons set forth in Defendant's motion and supporting papers. D.I. 20, 21, 23.

The Honorable Gregory B. Williams
December 4, 2025
Page 2

       Should the Court wish to discuss, counsel are available at the Court's convenience.

                                            Respectfully,

                                            */s/ Ben Yenerall*

                                            Ben Yenerall (#7132)

BY:ncf
Enclosures
cc:    Clerk of the Court (by hand delivery)
        Counsel of Record (by CM/ECF and email)